*Margin note:* PUBLIC ROADS: NOTICE.

---

## WELLINGTON v. STATE.

1. TRESPASS: *Mistake as to boundaries: Instruction.*
   A defendant charged with hunting in the inclosed grounds of another without the latter's consent, sought to excuse the act by showing that he had permission to hunt on adjoining land, and got upon that of the prosecuting witness by mistake. The court instructed the jury in effect that it was the duty of the defendant "to ascertain by all means in his power" the boundaries of the inclosure he had permission to hunt within, and that he was not guilty if after thus attempting to ascertain such boundaries, and honestly believing that he was within the same, he trespassed upon the land of the State's witness without intending to do so. HELD: That if the instruction required of the defendant a greater degree of diligence than the law sanctions, it did not prejudice him in the absence of evidence tending to show that he used any diligence at all.

2. SAME: *Hunting in inclosures: Owner of land.*
   One who has the control and possession of land to the exclusion of the real owner and all other persons, is the "owner" of such land within the meaning of the statute, making it a misdemeanor to hunt "in the inclosed grounds of another without the consent of the owner." *Mansf. Digest, sec. 1669.*

ERROR to *Washington* Circuit Court.

J. M. PITTMAN, Judge.

The appellants were convicted of hunting in the inclosed grounds of William Braithwait without his consent. The statute (*Mansf. Dig., sec. 1669*) provides that "if any person shall ride, range or hunt in the inclosed grounds of another, without the consent of the owner previously obtained, * * * the party so offending shall be guilty of a misdemeanor, and upon conviction thereof * * * shall be fined," etc. The evidence shows that the appellants were found hunting upon a tract of land which had been inclosed by Braithwait, and was then exclusively under his control. He had taken possession of the land six or seven years previous to the time of the alleged offense under a parol contract for its purchase. At the time of the trial his vendor was disputing his right to the possession of the land, and testified that its sale was conditional and for a consideration, which had failed. On the part of the defendants there was evidence to show that they were hunting by permission on the land of one Craig, which adjoined the land claimed by Braithwait, and got on the latter by mistake as to the boundaries. The court gave to the jury the following instructions which were objected to by the defendants :

"It is the duty of the person who hunts upon the enclosed grounds of another, to first procure permission of the owner of such lands, and to ascertain, by all means in his power, the boundaries of the enclosure that he has permission to hunt upon, and if, after using all these means and ascertaining such boundaries, he, honestly believing that he is in such boundaries, trespass upon the lands of another without intending to do so, he will not be guilty."

"One who has the control, use and possession of land, as against the real owner and all others, is, in law, the owner of such lands within the meaning of the act under which the defendants are charged."

*E. P. Watson,* for appellant.

1. The use of the words, "*use all means in their power,*" in

Wellington v. State.

the first instruction by the State, was too unlimited and misleading. *36 Ark., 451.*

2. Braithwait was not the owner of the land, but a mere possessor.

3. There was no intention to commit a trespass, and to constitute a crime there must be an act and an evil intent. *1 Bish. Crim. Law, secs. 204–5–6–7 and 770; Gould's Dig., ch. 51, secs. 1 and 2.*

*W. E. Atkinson,* Attorney General, and *T. D. Crawford,* for appellee.

1. It does not appear that appellants *made any effort whatever* to ascertain the boundaries, and hence the instruction was not prejudicial.

2. *Ignorance of facts* is no valid defense to prosecutions under this section. *50 Ark., 570; ib., 67; 36 id., 58; 38 id., 61; 37 id., 108; ib., 219; ib., 399; 38 id., 656; 43 id., 283; 30 id., 496; 13 id., 696; 10 Ark., 264.*

The statute does not require the act to be done "wilfully" or "knowingly." *Gould's Digest, ch. 51, secs. 1 and 2 of Part 1,* was repealed by *Mansfield's Digest, sec. 1491.*

3. Braithwait was the *owner* of the land within the meaning of the act. *2 Johns. (N. Y.), 105; 8 Gratt, 627; 12 Conn., 488; 44 id., 292; 1 Whart. Cr. Law., sec. 837; 2 Bish. Cr. Law., sec. 12.* The law was intended to protect the visible owner—him who was in possession and reaping the benefits from the protected enclosure.

PER CURIAM. If the charge of the court demanded of the appellants a greater degree of diligence than the law sanctions in ascertaining the boundaries of the land upon which they had permission to hunt, it did not prejudice them, because there is no evidence in the abstract tending to show that they used any diligence at all. *Clark v. State, 50 Ark., 570.*

Braithwait was the owner of the land within the meaning of the act. Affirm.